# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Leda Dunn Wettre |
| v. | : Magistrate No. 20-13175 (LDW) |
| BERTALO MARTINEZ-MONICO, <br> a/k/a "Bartolo Martinez-Monico," <br> a/k/a "Bartolo Martinez" | : **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

_____
Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Deportation Officer Ian Patel attested to this Affidavit by telephone pursuant to FRCP 4.1(b)(2)(A) on this 15th day of April, 2020 in the District of New Jersey.

HONORABLE LEDA DUNN WETTRE     _Leda Dunn Wettre_
UNITED STATES MAGISTRATE JUDGE     Signature of Judicial Officer

## **ATTACHMENT A**

On a date on or after September 25, 2009, and on or before December 14, 2018, in Middlesex County, in the District of New Jersey, and elsewhere, the defendant,

> BERTALO MARTINEZ-MONICO,
> a/k/a "Bartolo Martinez-Monico,"
> a/k/a "Bartolo Martinez,"

being an alien, and on or about December 14, 2018, having been deported and removed and departed from the United States while an order of removal was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Section 1326(a).

## **ATTACHMENT B**

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, BERTALO MARTINEZ-MONICO, a/k/a "Bartolo Martinez-Monico," a/k/a "Bartolo Martinez," (the "Defendant"), is a citizen of Mexico, and he neither is a citizen nor a national of the United States.

2. On or about September 23, 2009, the Defendant was arrested by the United States Border Patrol ("USBP") in Arizona for illegally entering the United States. On or about the same day, the Defendant was ordered removed by an immigration officer pursuant to section 235(b)(1) of the Immigration and Nationality Act ("INA").

3. On or about September 25, 2009, the Defendant was removed from the United States to Mexico. Shortly before his removal from the United States on or about September 25, 2009, the Defendant was given notice that he was prohibited from entering the United States for a period of 5 years and an official from USBP took a fingerprint from the Defendant.

4. At some point after his September 25, 2009 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

5. On or about October 4, 2009, the Defendant was arrested by USBP in Arizona for illegal re-entering the United States.

6. On or about October 9, 2009, the Defendant was removed from the United States to Mexico. Shortly before his removal from the United States on or about October 9, 2009, the Defendant was given notice that he was prohibited from entering the United States for a period of 20 years because this was his second removal, and an official from ICE took a fingerprint from the Defendant.

7. At some point after his October 9, 2009 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

8. On or about October 14, 2009, the Defendant was arrested by USBP in Arizona for illegal re-entering the United States.

9. On or about October 14, 2009, the Defendant was removed from the United States to Mexico. Shortly before his removal from the United States on or about October 14, 2009, the Defendant was given notice that he was prohibited from entering the United States for a period of 20 years, and an official from ICE took a fingerprint from the Defendant.

10. At some point after his October 14, 2009 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

11. On or about September 28, 2015, the Defendant was arrested by USBP in Texas for illegal re-entering the United States.

12. On or about September 30, 2015, the Defendant was removed from the United States to Mexico. Shortly before his removal from the United States on or about September 30, 2015, the Defendant was given notice that he was prohibited from entering the United States for a period of 20 years, and an official from ICE took a fingerprint from the Defendant.

13. At some point after his September 30, 2015 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

14. On or about October 9, 2015, the Defendant was arrested by law enforcement officers in the Western District of Texas (Del Rio), for having knowingly and willfully entered the United States at a time and place other than as designated by Immigration Officers, he/she being an alien in the United States, in violation of Title 8, United States Code, Section 1325(a)(1).

15. On or about October 14, 2015, the Defendant pled guilty in the United States District Court for the Western District of Texas (Del Rio), to Illegal Entry, in violation Title 8, United States Code, Section 1325 and was subsequently sentenced to a term of thirty days' imprisonment.

16. On or about November 6, 2015, the Defendant was removed from the United States to Mexico. Shortly before his removal from the United States on or about November 6, 2015, the Defendant was given notice that he was prohibited from entering the United States for a period of 20, and an official from ICE took a fingerprint from the Defendant.

17. At some point after his November 6, 2015 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

18. On or about December 14, 2018, the Defendant was arrested by the New Jersey States Police in Middlesex County, New Jersey, for Money Laundering – Transport/Possess Criminal Property: $75K but less than $500K, in the Second Degree, in violation of Section 2C:21-25(a) of the New Jersey Code of Criminal Justice, and for Hindering – Oneself – Hide Evid Relative, in the Fourth Degree, in violation of Section 2C:29-3(b)(1) of the New Jersey Code of Criminal Justice.

19. On or about June 24, 2019, the Defendant pled guilty in the Superior Court of New Jersey, Middlesex County, to Wandering/Prowling to Obtain/Sell CDS, in violation of Section 2C:33-2.1(b) of the New Jersey Code of Criminal Justice and was subsequently assessed fine.

20. On or about March 28, 2019, the Defendant was arrested by the New Brunswick Police Department, for committing various drug related offenses, including but not limited to, CDS – Manufacture/Distribute/Possession with Intent to Distribute – Heroin/Cocaine, in violation of Section 2C:35-5(b)(3) of the New Jersey Code of Criminal Justice. Those charges are presently pending.

21. On or about January 30, 2020, the Defendant was arrested by the New Brunswick Police Department, for committing various drug related offenses, including but not limited to, CDS – Manufacture/Distribute/Possession with Intent to Distribute – Heroin/Cocaine, in violation of Section 2C:35-5(b)(2) of the New Jersey Code of Criminal Justice. Those charges are presently pending.

22. On or about February 7, 2020, the ICE took custody of the Defendant. A fingerprint taken from the Defendant from his deportation records for the September 25, 2009, October 9, 2009, October 14, 2009, September 30, 2015, and November 6, 2015 removals were compared to the Defendant's fingerprint that was taken on or about June 1, 2018 after he entered law enforcement's custody. All the fingerprints were found to be identical.

23. Prior to the Defendant's reentries into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.